MINER, Judge.
Debra Valdez appeals an order finding her in direct contempt of court for refusing to testify while under subpoena in a criminal case in which her husband, Jose, stands accused of sexually molesting her young daughter from a prior marriage. She argues that her refusal to answer questions posed to her by an assistant state attorney (ASA) is justified because her testimony, if given, would be the tainted product of improper police coercion. We disagree and affirm.
Appellant was served a witness subpoena and instructed to appear at the ASA’s office on May 16, 1989, to answer questions in connection with the pending criminal charges brought against her husband. She *1312 engaged an attorney who advised the ASA that his client would claim certain privileges against testifying. Appellant appeared as scheduled. Prior to questioning, the ASA informed her that she was entitled to limited immunity for her testimony by virtue of Section 914.04, Florida Statutes (1987). Notwithstanding this assurance, Ms. Valdez refused to answer questions. The matter was brought to the trial court’s attention, a show cause order issued and a formal hearing was set for the following day.
During the formal contempt hearing, in an attempt to establish legal cause why she should not be held in contempt of court for refusing to answer the ASA’s questions, appellant responded to questioning by her attorney. She acknowledged that she married Jose Valdez in November of 1988 and was still married to him. She identified her husband as the same person charged with sexually molesting her daughter and recounted a telephone call she received from Deputy Sheriff Gallo on the night of April 20, 1989, the same day her husband was arrested. Ms. Valdez testified that she received the deputy’s telephone call while she was an in-patient at Shands Teaching Hospital in Gainesville. The deputy informed her of her husband’s arrest and the charges placed against him. When she expressed her disbelief, she said Deputy Gallo became upset and told her: “I'll just tell you, if you side with your husband in this case I will make sure that your children will be taken away from you.” Appellant also stated that during her four day hospital stay, the State Department of Health and Rehabilitative Services (HRS) placed her children in protective custody and that a crisis center counselor told her she would have to choose between her husband and her children.
In his findings, the trial court concluded that Deputy Gallo had indeed made the statement attributed to her and, further, that it was reasonable for Ms. Valdez to have interpreted Gallo’s statement as a threat. However, the trial court also found and assured her that the deputy had no authority to take her children. When she refused to respond to the ASA’s questions after being directed to do so, the judge found her in direct and willful contempt of court and imposed a sentence of - five months and twenty-nine days in the county jail subject to appellant’s right to purge herself of contempt by answering the prof-erred questions. On motion by appellant, sentence was stayed and this appeal followed.
Debra Valdez does not dispute that the subpoena and grant of immunity were properly issued and that under the provisions of Section 914.04, Florida Statutes, she can be required to testify or be held in criminal contempt for refusal to do so. It is also undisputed that appellant refused to testify even though she was ordered to do so by the trial judge after being advised that the police did not have the power or authority to take her children away. The judge also explained to her that a loss of custody could only be ordered by a court of competent jurisdiction. Notwithstanding these assurances, appellant asks us to remand the case to the trial court with instructions to hold the matter of contempt in abeyance until the court is “satisfied that the threat has been alleviated.”
Given the context in which Deputy Gallo made the “threat” to Ms. Valdez, we can only interpret her request for remand as an argument that she should not be compelled to testify in the criminal proceeding pending against her husband because that testimony might be used in a subsequent non-criminal child custody action by HRS. The record does not reveal that HRS or anyone else has initiated or plans to initiate such an action. We therefore decline to speculate about what use, if any, will be made of her testimony in the pending case or in any future proceeding. We hold only that the testimony she may be required to give in the criminal case cannot be used against her in any criminal proceeding.
Accordingly, the judgment and sentence of the trial court are herewith affirmed.
SMITH and ZEHMER, JJ., concur.